UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LINDA SLUSHER**,

    Plaintiff,

v.

**ATKINSON'S ACE HARDWARE OF DURAND, LLC**,

    Defendant.

Case No.
Hon.

---

Joseph X. Michaels (P79084)
Samantha Perry (P86817)
Croson, Taub, & Michaels, PLLC
Attorneys for Plaintiff
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, MI 48108
(734) 519-0872
jmichaels@ctmlawyers.com
sperry@ctmlawyers.com

---

### **COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in the Complaint.

Plaintiff Linda Slusher, by and through her attorneys, Croson, Taub, & Michaels, PLLC, hereby alleges as follows:

1

## **PARTIES, JURISDICTION AND VENUE**

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), M.C.L. § 37.1101, *et seq.*

2. Plaintiff, Linda Slusher, is an individual residing in Durand, Michigan, in Shiawassee County and is a citizen of the State of Michigan.

3. Defendant, Atkin's Ace Hardware of Durand, LLC, is a limited liability company in Durand, Michigan.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 § U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims).

5. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims. The claims are part of the same case or controversy. They do not substantially predominate. They do not raise novel or complex issues. Therefore, exercise of jurisdiction is proper.

6. Venue is proper in this Court because Defendant obligated itself to Plaintiff within the Eastern District of Michigan, Defendant employed Plaintiff within the Eastern District of Michigan, and the actions giving rise to this lawsuit occurred within the Eastern District of Michigan.

7. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her disability.

8. Plaintiff received her notice of right to sue, and she has filed this complaint within ninety (90) days of receiving her notice of rights.

## STATEMENT OF FACTS

9. Plaintiff began working for Defendant on or about May 5, 2022, as a Greenhouse Attendant and Cashier.

10. Plaintiff's duties included caring for the plants, providing customer service, taking inventory, and operating the cash register.

11. Plaintiff successfully performed her job duties, had no record of performance or disciplinary issues, and was well-liked by her coworkers and customers.

12. Plaintiff suffers from Ollier's Disease, a rare and painful condition that causes tumors to grow in her bones, joints, and teeth.

13. Plaintiff disclosed her disability during her job interview with Defendant, in response to which manager Dave Woods gave her a disgusted look and said, "You don't *look* disabled."

14. Mr. Woods was Plaintiff's direct supervisor.

15. Throughout Plaintiff's employment with Defendant, Mr. Woods displayed a discriminatory animus towards Plaintiff by, *inter alia*, refusing to provide her with the cash register training and code access she needed to perform her job duties as cashier, and refusing to provide her with a radio earpiece that fit properly, requiring her to shop for one on her own time and purchase it with her own money.

16. By information and belief, Mr. Woods timely provided cash register training and code access to similarly situated employees who were *not* disabled.

17. The medication Plaintiff requires to manage the pain of her condition causes dry mouth as a side effect, and the dentures Plaintiff wears due to the dental issues caused by her condition also dry out her mouth, requiring her to drink water more frequently than most people, which in turn causes her to urinate more frequently than most people.

18. Plaintiff requested that Defendant accommodate her disability by allowing her to use the restroom whenever she needed, and management agreed to grant this accommodation.

19. Despite Defendant's agreement to allow Plaintiff to use the restroom as needed, Mr. Woods often refused to provide her with anyone to relieve her from her position behind the checkout counter, and she was not permitted to leave to use the restroom without someone taking her place.

20. Forced to hold in her urine, Plaintiff began suffering from urinary tract infections and even wet herself on the job on multiple occasions.

21. On March 3, 2023, Mr. Woods and another supervisor terminated Plaintiff's employment, allegedly for "having a bad attitude."

22. The real reason for this termination was Plaintiff's disability. Any other stated reason is merely a pretext for discrimination.

## CAUSES OF ACTION

### COUNT I
### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE ADA

23. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

24. At the time of her unlawful termination, Plaintiff was an employee and Defendant was an employer as defined by the Americans with Disabilities Act.

25. Plaintiff has a disability as defined by the Americans with Disabilities Act, to-wit:

   a. a physical impairment, which substantially limits one or more of her major life activities.

26. Plaintiff is a qualified individual with a disability as defined by the ADA, to-wit: Plaintiff, with or without reasonable accommodation, is able to perform the essential functions of her employment duties with Defendant.

5

27. Defendant perceived and/or regarded Plaintiff as having a disability. Plaintiff was therefore regarded as having a disability under 42 U.S.C. § 12102(1)(C).

28. Defendant was aware of Plaintiff's disability.

29. Defendant discriminated against Plaintiff on account of her real and perceived disability in violation of the ADA by, *inter alia*, terminating her employment.

30. Plaintiff's disabilities were the motivating and/or but for cause of the adverse employment actions Defendant took against her.

31. Defendant's actions in violation of the law were willful.

32. Defendant's actions were taken in reckless disregard of Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.

33. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

34. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the

services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE PWDCRA

35. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

36. At the time of her unlawful termination, Plaintiff was an employee and Defendant was an employer as defined by Michigan's Persons with Disabilities Civil Rights Act.

37. Plaintiff has a disability as defined by the PWDCRA.

38. Defendant perceived and/or regarded Plaintiff as having a physical disability. Plaintiff was therefore regarded as having a disability under M.C.L. § 37.1103(d)(ii).

39. Defendant discriminated against Plaintiff on account of her real and perceived disability in violation of PWDCRA, M.C.L. § 37.1102(1), by acts including, but not limited to, failing to provide Plaintiff with reasonable accommodation for her disability and terminating Plaintiff's employment.

40. Defendant's actions in violation of the PWDCRA were willful.

41. Plaintiff's disabilities were the motivating and/or but for cause of Defendant's actions in violation of the PWDCRA.

42. As a direct and proximate result of Defendant's violation of the PWDCRA, Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

43. As a further direct and proximate result of Defendant's violation of the PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT III
## RETALIATION IN VIOLATION OF
## THE ADA

44. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

45. Defendant was a covered entity under the ADA, and at the time of her unlawful termination, Plaintiff was an employee covered by and within the meaning of the ADA.

46. Plaintiff engaged in protected activity, in good faith, including, but not limited to, by requesting reasonable accommodations for her disability.

47. These exercises of protected rights were known to Defendant.

48. Thereafter, in retaliation for her protected activity, Plaintiff was subjected to adverse employment actions by Defendant, including but not limited to terminating her employment.

49. Defendant's reasons for taking these actions were retaliatory and not legally justified.

50. Defendant's actions were motivated by unlawful retaliation against Plaintiff due to her protected activity.

51. But for Plaintiff's protected activity, Defendant would not have subjected Plaintiff to such adverse employment actions.

52. Defendant's actions in violation of the ADA were willful.

53. Defendant's actions were taken in reckless disregard of Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.

54. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

55. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the

services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT IV
## RETALIATION IN VIOLATION OF
## THE PWDCRA

56. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

57. As stated above, at the time of her unlawful termination, Plaintiff was an employee and Defendant was an employer as defined by Michigan's Persons with Disabilities Civil Rights Act.

58. Plaintiff has a disability as defined by Michigan's Persons with Disabilities Civil Rights Act.

59. Defendant perceived and/or regarded Plaintiff as having a physical disability. Plaintiff was therefore regarded as having a disability under M.C.L. § 37.1103(d)(ii).

60. Defendant retaliated against Plaintiff for her requests for a reasonable accommodation in violation of the PWDCRA, M.C.L. § 37.1602, by acts including, but not limited to, terminating Plaintiff's employment.

61. Defendant's actions in violation of the PWDCRA were willful.

62. Plaintiff's requests for a reasonable accommodation were the motivating and/or but for cause of Defendant's actions in violation of the PWDCRA.

63. As a direct and proximate result of Defendant's violation of the PWDCRA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

64. As a further direct and proximate result of Defendant's violation of the PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LINDA SLUSHER, requests that this Court enter the following relief:

a. Declare the practices and actions of Defendant as unlawful employment practices in violation of the ADA and PWDCRA;

b. Compensatory damages for monetary and non-monetary loss in whatever amount she is found to be entitled;

c. Punitive damages in whatever amount she is found to be entitled;

d. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

  e. An order of this Court reinstating Plaintiff to the position she would have if there had been no wrongdoing by Defendant;

  f. An injunction of this Court prohibiting any further acts of discrimination or retaliation by Defendant;

  g. An award of interest, costs, and reasonable attorney fees; and

  h. Whatever other equitable relief this Court finds appropriate.

        Respectfully submitted,
        CROSON, TAUB, & MICHAELS, PLLC

        /s/ Joseph X. Michaels
        Joseph X. Michaels
        Attorney for Plaintiff
        455 E. Eisenhower Pkwy, Ste. 75
        Ann Arbor, MI 48108
        (734) 519-0872
        jmichaels@ctmlawyers.com

Dated: December 4, 2023

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LINDA SLUSHER**,                                    Case No.
                                                      Hon.
      Plaintiff,

v.

**ATKINSON'S ACE HARDWARE**
**OF DURAND, LLC**,

      Defendant.

---

Joseph X. Michaels (P79084)
Samantha Perry (P86817)
Croson, Taub, & Michaels, PLLC
Attorneys for Plaintiff
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, MI 48108
(734) 519-0872
jmichaels@ctmlawyers.com
sperry@ctmlawyers.com

---

## DEMAND FOR TRIAL BY JURY

Plaintiff Linda Slusher, by and through her attorneys, Croson, Taub, & Michaels, PLLC, demands a trial by jury for all issues so triable.

                        Respectfully submitted,
                        CROSON, TAUB, & MICHAELS, PLLC

/s/ Joseph X. Michaels
Joseph X. Michaels
Attorney for Plaintiff
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, MI 48108
(734) 519-0872
jmichaels@ctmlawyers.com

Dated: December 4, 2023